**IN THE COURT OF APPEALS OF IOWA**

No. 16-1186
Filed May 3, 2017

**IN RE THE MARRIAGE OF PATRICIA LYNN LANG
AND WALTER PATRICK LANG**

**Upon the Petition of
PATRICIA LYNN LANG,**
        Petitioner-Appellant,

**And Concerning
WALTER PATRICK LANG,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.


        A former wife appeals the property distribution provision of the decree that

dissolved her marriage.  **AFFIRMED.**


        C. Aron Vaughn and Barry S. Kaplan of Kaplan & Frese, L.L.P.,

Marshalltown, for appellant.

        Douglas W. Beals of Moore, McKibben, Goodman & Lorenz, L.L.P.,

Marshalltown, for appellee.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Patricia Lang appeals the dissolution decree that ordered her former husband, Walter Lang, to pay to her the money he received when he sold her diamond wedding ring. She asserts the value of the ring was substantially higher than the amount of money Walter received when he sold the ring to a local jeweler. She asks that we modify the district court's decision to order Walter to pay her the replacement value of the ring.

The parties testified at trial that Walter paid between $8000 and $9000 for the ring, including interest. After the parties separated and Walter obtained possession of the ring from Patricia, an insurance appraisal of the ring was done that set the total replacement value at $9575.90. Walter testified the jeweler that sold the ring and prepared the appraisal would not repurchase the ring and referred Walter to jewelers in Des Moines. Walter stated at trial he attempted to sell the ring on eBay, setting the asking price at $5000 then lowering it to $3000, but he received no bids. Walter asserted he then visited four or five jewelers in Des Moines and received only one offer for the ring at $1200, which he accepted.

The parties stipulated to the distribution of all marital assets and liabilities except for Patricia's wedding ring. The district court stated Walter "credibly testified as to the steps he took to sell the ring set." It then concluded:

> Despite Patricia's contention as to the value of the ring set, Walter's sale to Christopher's likely reflects the fair market value of the property at the time of the sale and the Court FINDS accordingly. This is buttressed by Walter's credible testimony concerning the steps he took to sell the ring. Additionally, the Court finds no reason to believe that Walter would not otherwise attempt to secure the highest and best value for the ring. He thought the ring was his to dispose of as he pleased, and nothing in the record indicates he had any incentive to sell the rings for below market value.

Walter shall pay to Patricia $1200 with 30 days of entry of decree herein for the value of the ring set. The Court FINDS said amount was the fair market value of the ring based upon the undisputed testimony relating to Walter's efforts to sell the ring set.

Our review of this case is de novo. *See* Iowa R. App. P. 6.907. "Ordinarily, a trial court's valuation will not be disturbed when it is within the range of permissible evidence. . . . Although our review is de novo, we ordinarily defer to the trial court when valuations are accompanied by supporting credibility findings or corroborating evidence." *In re Marriage of Hansen*, 733 N.W.2d 683, 703 (Iowa 2007). Patricia asks us to depart from this practice in this case because the timing and circumstances of Walter's sale of the ring discredit his testimony and renders his valuation improper. Specifically, she contends the fact he sold the ring within two days of accepting service of process of the dissolution petition indicates he sold the ring under compulsion or out of spite.

We note the appraisal Patricia relies on to establish the value of the ring was a replacement cost estimate, not a fair market value estimate. The appraisal further provides it was "for insurance purposes only." It is the market value that must be established for assets. *Id.* ("In ascertaining the value of property, its owner is a competent witness to testify to its *market value.*" (emphasis added)). "Fair market value is generally defined as the price for which an asset would be sold, in a transaction between a willing buyer and a willing seller, with neither party being under any particular compulsion to complete the deal within any particular period of time." Brett R. Turner, *Theories and Methods for Valuing Marital Assets*, 25 J. Am. Acad. Matrim. Law. 1, 3 (2012). Patricia offered no evidence as to the market value of the wedding ring, and the court found Walter's

testimony regarding the efforts he made to find a willing buyer credible. We will not disturb the court's valuation of the wedding ring as it is "within the range of permissible evidence." *See Hansen*, 733 N.W.2d at 703.

**AFFIRMED.**